Bullard, J.
This is an action to recover an alleged balance of account due to the plaintiff as the defendant’s factor, for advances and supplies. The defendant, among other things, pleaded in reconvention, that he had lost largely by the plaintiff’s neglect to sell a lot of his cotton until the price fell, when it was sold much below the market value of the article during the season.
The court at first sent the case before auditors or referrees, who reported a balance due to the plaintiff. Thereupon, the plaintiff moved the court to amend the report in certain particulars, and for judgment as prayed for in his original petition. The defendant then moved the court to strike out the objections filed by the plaintiff to the award, on the ground, that he had served him, the defendant, with a rule to show cause why the same report should not be homologated, and that he cannot demand both. The defendant showed cause why the award should not be homologated ; and prayed, also, that it should be corrected ; that so far as it is not opposed it might be homolo-gated, and for a trial of the opposition by jury.
*102 The court, without pronouncing upon the report, submitted the cause to a jury, whose verdict sanctioned, to a certain extent, the report already made, but found an additional sum due to the plaintiff. Judgment having been rendered upon this verdict, the defendant appealed.
The proceeding was, in our opinion, irregular. The court was bound to pronounce upon the report, and to proceed summarily. Code Prac., art. 457. It is true, the court might receive testimony, and even examine the referrees or auditors themselves ; but it ought not to have submitted the case to a jury without disposing of the report. Article 458 of the Code of Practice declares, that the court is not bound to follow the opinion of the experts in their decision. It may correct any errors in the report of auditors of accounts, or may order a new report to be made, or a new examination of accounts.
With this view of the law, being of opinion that the case must be remanded for further proceedings, it is proper to examine certain bills of exceptions, taken by the appellant in the progress of the trial, in relation to the admission of evidence. •
And first, the depositions of certain witnesses named in the bill of exceptions were objected to, on the ground that those witnesses were not named either in the commissions or the notice.*' The court, in our opinion, erred. The party called on to cross-examine witnesses when testimony is to be taken on commission, is entitled, in our opinion, to b^e informed of the names of the witnesses whom his adversary proposes to examine, in order to know how to shape his questions. We so held in a recent case in the Eastern District.
It further appears that the plaintiff offered in evidence certain bills of lading of goods or supplies, alleged to have been shipped by the plaintiff to the defendant. They were admitted, and a bill ofj exceptions taken. We think the court erred. A bill of lading is evidence of a shipment, as between the carrier and the shipper, but not of delivery to the consignee; such delivery *103 ought to be shown by legal evidence, independently of the bill of lading.
Me Guire and Ray, for the plaintiff.

Downs, yra se.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed, and the verdict set aside; that the case be remanded for further proceedings according to law; and that the appellee pay the costs of the appeal.

 The commission was executed in New Orleans. A written notice was served on the defendant personally, at the Senate Chamber in New Orleans, to attend at the office of the commissioner on a day and hour named; but the notice did not mention the names of any witnesses.